UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM S.                              :
                                        :
v.                                      :        C.A. No. 24-00143-LDA
                                        :
MARTIN O'MALLEY, Commissioner           :
Social Security Administration          :

## MEMORANDUM AND ORDER

This matter is before the Court for judicial review of a final decision of the Commissioner
of the Social Security Administration ("Commissioner") denying Supplemental Security Income
("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint
on April 10, 2024 seeking to reverse the decision of the Commissioner. On July 10, 2024, Plaintiff
filed a Motion to Reverse or Remand the Decision of the Commissioner. (ECF No. 10). On August
15, 2024, the Commissioner filed a Motion to Affirm the Commissioner's Decision. (Document
No. 14). No Reply was filed.

With the consent of the parties, this case has been referred to me for all further proceedings
and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Based
upon my review of the record, the parties' submissions, and independent research, I find that there
is substantial evidence in this record to support the Commissioner's decision and findings that
Plaintiff is not disabled within the meaning of the Act. Consequently, Plaintiff's Motion to Reverse
(Document No. 10) is DENIED and the Commissioner's Motion to Affirm (ECF No. 14) is
GRANTED.

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on June 1, 2021 alleging disability since January 1, 2020.  (Tr. 237-238).  The application was denied initially on September 24, 2021 (Tr. 118-125) and on reconsideration on December 14, 2021.    (Tr. 126-133).    Plaintiff requested an Administrative Hearing.  A hearing was held on October 11, 2022 before Administrative Law Judge Paul Goodale (the "ALJ") at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and/or testified.  (Tr. 36-66).  The ALJ issued an unfavorable decision to Plaintiff on March 1, 2023.  (Tr. 16-30).  On December 12, 2023, the Appeals Council denied Plaintiff's request for review.  (Tr. 5-8).  A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by failing to evaluate his headaches pursuant to Listing 11.02, erred at Step 5 by not resolving a "seeming" conflict between the DOT and the VE's testimony, and that the Appeals Council committed egregious error when it found that a post-hearing letter submitted by Plaintiff's doctor would not change the outcome.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's findings are fully supported by the record and must be affirmed, and that Plaintiff has not met the high burden of showing that the Appeals Council made an egregious error.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS,

955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)

(remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id.

The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone.  See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers).  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors.  Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency

(how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements).    Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied).    Of the five factors, the "most important" are supportability and consistency.  Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors.    Id. §§ 404.1520c(b)(2), 416.920c(b)(2).  Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors.  Id. §§ 404.1520c(b)(3), 416.920c(b)(3).  In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis."  Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social

welfare agency personnel.  Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d).  And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists.  Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments.  Id.  Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner.  Id. §§ 404.1520b(c), 416.920b(c).

### B.   Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty,

947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through

four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily

from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. Social Security Ruling ("SSR") 16-

3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3).  In determining whether the medical

signs and laboratory findings show medical impairments which reasonably could be expected to

produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider

the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not,

by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).  However, the individual's statements

about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely

because the objective medical evidence does not substantiate the degree of impairment-related

symptoms."  SSR 16-3p, 2017 WL 4790249, at *49465.

## 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must

articulate specific and adequate reasons for doing so, or the record must be obvious as to the

credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly

articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia,

829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony

requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ found that Plaintiff's anxiety, depression, borderline intellectual functioning, and PTSD were "severe" impairments.  (Tr. 21).  As to RFC, the ALJ concluded that Plaintiff could perform a full range of work exertionally but was limited to simple, unpaced work with social interaction limitations.  (Tr.

25). Based on this RFC and the opinion testimony of the VE, the ALJ found that Plaintiff could not perform his past work as a window assembler (Tr. 29) but could transition to other light and medium unskilled jobs. (Tr. 30).

### B.    Plaintiff Has Shown No Error in the Evaluation of His Headaches

Plaintiff's argument that the ALJ erred by failing to consider whether his headaches met Listing 11.02 is both unsupported and unpersuasive. First, the record does not support a Step 2 finding that Plaintiff's headaches were "severe," and Plaintiff does not challenge the ALJ's Step 2 finding. Second, Plaintiff argues that "there is evidence throughout the record of [his] headaches." (ECF No. 10 at p. 4). However, Plaintiff fails to provide citations to the record supporting this broad proposition. While Plaintiff accurately cites to a February 2020 headache diagnosis (Tr. 420, 493), the Commissioner counters (without rebuttal from Plaintiff) that the issue of headaches was removed from Plaintiff's treatment plan in June 2020 (Tr. 488) and subsequent records noted "no headaches." (Tr. 422, 430, 441, 449, 460, 513). Third, at the ALJ hearing, Plaintiff's counsel did not identify headaches as a relevant impairment and agreed that the case was "primarily mental." (Tr. 41). Finally, Plaintiff's primary care physician Dr. Goula did not identify headaches as a diagnosis in November 2021 and recorded "no headaches" at the time. (Tr. 513-514).

### C.    Plaintiff Has Not Shown Any Step 5 Conflict

Plaintiff argues that the ALJ erred by failing to reconcile a "seeming conflict" between the RFC finding that he could perform only simple tasks and the VE's testimony that he could do jobs with a GED reasoning level of 2. Again, Plaintiff's contention is both unsupported and unpersuasive. The case law is clear (both in this District and elsewhere) that jobs with a GED reasoning level of 2 or 3 are consistent with an RFC limitation to simple and unskilled tasks. See,

e.g., Su Y. v. O'Malley, C.A. No. 23-541-JJM-PAS, 2024 WL 3385200, at *3 (D.R.I. July 11, 2024).

**D.      Plaintiff Has Failed to Show that the Appeals Council Committed an Egregious Error**

Subsequent to the ALJ's decision, Plaintiff submitted a letter from Dr. Goula dated March 24, 2023.  (ECF No. 14-2).  Plaintiff's counsel argued to the Appeals Council that this letter endorsed Plaintiff's "limitations as to completing tasks."  (Tr. 234-235).  The Appeals Council concluded that the letter did not show a reasonable probability that it would change the outcome.  (Tr. 6).

In order to successfully challenge the Appeals Council decision in this regard, it is undisputed that Plaintiff must show an "egregious" error.  See Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001).  Plaintiff has not done so here.

The letter is one paragraph.  It purports to summarize treatment records which are in the record and were reviewed by the ALJ.  It concludes with an "opinion" that Plaintiff is "unable to work and is disabled" (ECF No. 14-2) which is on a matter reserved to the Commissioner and "inherently neither valuable nor persuasive."  20 C.F.R. § 416.920b(c).  Further, the letter speaks in general terms and does not contain any specific functional limitations.  Plaintiff has not and cannot make an egregious error showing on this record.

**VI.      CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion to Reverse or Remand the Decision of the Commissioner (ECF No. 10) is DENIED and Defendant's Motion to Affirm the

Commissioner's Decision (ECF No. 14) is GRANTED.  Further, the Clerk shall enter Final

Judgment in favor of Defendant.

_/s/ Lincoln D. Almond_____
LINCOLN D. ALMOND
United States Magistrate Judge
September 9, 2024